IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN A. FIGUEROA, JR., TRACI M. FIGUEROA, NICK FIGUEROA, and TYLER FIGUEROA,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL S. CANTARUTTI, REALTY X CHANGE CORPORATION, RECONTRUST COMPANY, N.A., BANK OF AMERICA CORPORATION, and DOES 1–25,<br><br>Defendants.<br>_____/ | No. C 10-4564 WHA<br><br>**ORDER REMANDING ACTION TO STATE COURT AND VACATING HEARING** |

**INTRODUCTION**

This motion stems from a complaint alleging fifteen claims against defendants following a foreclosure. Plaintiffs originally filed suit in Sonoma County Superior Court. Defendants removed this action and plaintiffs seek a remand. Because no federal claims remain, plaintiffs' motion to remand is **GRANTED**. Accordingly, the December 2 hearing scheduled for this motion is **VACATED**.

**STATEMENT**

On September 7, 2010, plaintiffs filed suit against five named parties, including the Federal National Mortgage Association ("Fannie Mae"), in connection with the foreclosure of plaintiffs' home in Santa Rosa (*see* Dkt. No. 1, Exh. A at 13–59). The complaint alleged fifteen state-law claims including fraud, breach of contract, wrongful ejectment, and trespass. On

October 8, defendants removed the action on the basis that Fannie Mae's federal charter conferred original federal jurisdiction (*see* Dkt. No. 1 at 2). Three defendants gave a timely notice of removal, in which the other two joined (*id.* at 4). The notice of removal requested the exercise of supplemental jurisdiction over all of the state-law claims alleged against all defendants (*id.* at 3–4).

Plaintiffs dismissed Fannie Mae pursuant to Rule 41(a)(1) on October 18 (Dkt. No. 9). Plaintiffs then moved to remand on October 25 and a hearing was noticed for December 2 (Dkt. No. 11). Defendants were required by Local Rule 7-3 to respond. By the deadline, defendants Bank of America Corporation and Recontrust Company, N.A. had filed a statement of nonopposition (Dkt. No. 14); defendants Michael S. Cantarutti and Realty X Change Corporation had filed — and have still filed — nothing.

## ANALYSIS

### 1. REMOVAL

A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed at the time the complaint was filed. 28 U.S.C. 1441(a). In the present case, all claims were state-law claims and the parties were not diverse. Defendants based the removal on the original jurisdiction purportedly conferred by Fannie Mae's federal charter, which includes a "sue and be sued" provision similar — but not identical — to the one in the Red Cross's charter. The language in the Red Cross's charter unquestionably confers original federal jurisdiction. *Am. Nat'l Red Cross v. S.G.*, 505 U.S. 247 (1992). But whether Fannie Mae's charter contains the same magic words is, despite defendants' optimism, a question that has split courts and appears unsettled in the Ninth Circuit. *See, e.g.*, *Rincon Del Sol, LLC v. Lloyd's of London*, 709 F. Supp. 2d 517, 522–25 (S.D. Tex. 2010). Nevertheless, because the parties did not brief this question, and because arriving at an answer would not change the ultimate disposition of this motion, it will be assumed, but not decided, that removal was proper based on original jurisdiction conferred by Fannie Mae's federal charter.

2

### 2. REMAND

A district court "may decline to exercise supplemental jurisdiction over" remaining state-law claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. 1367(c)(3). Where jurisdiction existed at the time of removal, a court has discretion to remand a case to state court after all federal claims are dismissed. *Albingia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F.3d 931, 936 (9th Cir. 2003), *modified*, 350 F.3d 916. The dismissal of Fannie Mae means that the original basis of jurisdiction no longer exists. State claims predominate in the remaining suit. No party still seeks a federal forum. Accordingly, supplemental jurisdiction will not be exercised and the case will be remanded.

### CONCLUSION

For the above reasons, plaintiffs' motion to remand is **GRANTED**. Accordingly, the December 2 hearing scheduled for this motion is **VACATED**. The Clerk shall remand this action to the Superior Court of California, County of Sonoma.

**IT IS SO ORDERED.**

Dated: November 22, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE